IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **ERIC WALLACE, et al.** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 3:21-CV-516-CWR-LGI** |
| **MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.** | **DEFENDANTS** |

### STIPULATION AND ORDER REGARDING ELECTRONICALLY STORED INFORMATION

THIS ORDER supplements all other discovery rules and orders and streamlines the preservation, production, and delivery of Electronically Stored Information ("ESI") as required by the Federal Rules of Civil Procedure.

**I.  PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

**II.  COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Order, the Federal Rules of Civil Procedure, and any other applicable orders and rules.

**III.  LIAISON**

As part of the Initial Disclosure, the parties will identify liaisons who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer, along

1

with the parties' attorneys, about ESI and to help resolve disputes without court intervention.

## IV. PRESERVATION

The parties acknowledge their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

A. As a part of Initial Disclosures, parties will exchange a list of the types of ESI they anticipate will be part of this litigation and believe should be preserved as well as the custodians, or general job titles or descriptions of custodians. The parties shall add or remove custodians as reasonably necessary;

B. The parties agree that the number of custodians per party for whom ESI will be preserved shall not exceed eight (8) custodians;

C. That data sources not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: [e.g., backup media of agency/company system, systems no longer in use that cannot be accessed];

D. Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:

   i. Deleted, slack, fragmented, or other data only accessible by forensics
   ii. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system
   iii. On-line access data such as temporary internet files, history, cache, cookies, and the like
   iv. Back-up data that are substantially duplicative of data that are more accessible elsewhere. e. Server, system or network logs
   v. Data remaining from systems no longer in use that is unintelligible on the systems in use
   vi. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all

        such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage)

vii.    Voicemails and text messages

Absent a showing of good cause, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided however, that the parties shall take all reasonable steps to preserve all discoverable ESI in their possession, custody, or control.

## V. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## VI. PRODUCTION FORMAT

The parties agree to produce documents in PDF or TIFF file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process and agree to, in fact, improve the searchability of documents when it is feasible (i.e. enabling OCR on produced PDF documentation).

Certain Types of files such as system, program, video, and sound files may not be amenable to conversion into the above-referenced formats and can only be produced in their native file format. Documents produced in native file formats shall be identified as such so that parties will have notice that the document or image was unable to be produced in the preferred format. Alternatively, for images or documents produced in the formats contemplated above that are deemed unusable, unsearchable, or unduly burdensome, parties may seek production of the native file of the same.

Documents produced by both parties shall contain a footer with a sequentially ascending production number for easy identification.

### VII. DOCUMENTS PROTECTED FROM DISCOVERY

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

### VIII. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**SO ORDERED** this the 15th day of December, 2022.

s/LaKeysha Greer Isaac
MAGISTRATE JUDGE