IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ERIC WALLACE, et al.**                                                      **PLAINTIFFS**

**VS.**                                                    **CIVIL ACTION NO. 3:21-CV-516-CWR-LGI**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.**                                           **DEFENDANTS**

## THIRD AMENDED CLASS CERTIFICATION SCHEDULING ORDER

### I. INITIAL DISCLOSURE UNDER FED. R. CIV. P. 26(a)(1)

The parties will exchange initial disclosures regarding class certification issues pursuant to Fed. R. Civ. P. 26 on or prior to January 23, 2023.

### II. AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES; RESPONSES TO PLEADINGS AND PENDING MOTIONS

The deadline to file any motions to amend the pleadings or to join additional parties is February 2, 2024. This date is the deadline for motions to amend the pleadings regardless of whether the case is in the class certification stage or the merits stage. The same deadline applies to motions to join parties (except as to those parties, if any, joined as a consequence of the grant, if any, of class certification).

The deadline for Defendants to respond to Plaintiffs' amended complaint, if any, is March 4, 2024.

### III. CLASS CERTIFICATION DISCOVERY AND SCOPE

Discovery prior to class certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied. Until the issue of class certification is resolved, counsel must give priority to discovery directed to the class certification issue.

Discovery on the merits shall occur after the decision on class certification with the understanding that where a deposition is taken for certification purposes the deponent will also be permitted to be questioned on the merits. In such instances, discovery on these merits issues may predate the class certification decision.

Once class certification is decided, the Court will schedule a second case management conference within 30 days of the issuance of an order ruling on class certification, or as soon as practical thereafter. At the second conference, the parties will, among other things, propose a new discovery order, addressing additional merits discovery needed and necessary, related deadlines, and discuss a schedule for trying the case.

## IV. DISCOVERY PLAN AND DEADLINES

Again, this discovery plan and deadlines relate only to the class certification stage. Discovery limitations are on a "per side" basis, as there is deemed to be only a single Plaintiffs' side and a single Defendants' side in this consolidated action. The parties are ordered to complete all discovery related to class certification as follows:

1. Due to the nature of this case, discovery procedure will differ from the requirements of Federal Rules of Civil Procedure 30 and 33 in the following respects only:

    a. The parties agree to the following limitations on Interrogatories, Requests for Production, Requests for Admission and depositions:

        i. The parties may take a reasonable number of mutually agreeable depositions by a specified date before expiration of the certification discovery deadline. If the parties are not able to agree on this issue, a motion must be promptly filed with the court to address any particular issue. If a deposition is taken for purposes of class certification, the deposition must be conducted for purposes of merits discovery as well. No deposition may be conducted in the certification stage for purposes of merits discovery alone;

2

        ii.     <u>15</u> non-party depositions—excluding experts and record custodians— per side;

        iii.    <u>50</u> requests for production per side;

        iv.    <u>50</u> interrogatories per side; and

        v.     <u>50</u> requests for admissions per side.

        vi.    Plaintiffs and Defendants may also separately depose any experts designated by other parties to testify as to class certification issues.

2. Expert witnesses for class certification, if any, shall be disclosed, in compliance with Federal Rule of Civil Procedure 26, by <u>October 18, 2024</u>, for Plaintiffs' side, and by <u>February 11, 2025</u>, for Defendants' side.

3. Discovery must be completed by <u>April 17, 2025</u>.

4. *Daubert* motions challenging the parties' class certification experts must be filed by <u>June 2, 2025</u>.

5. Plaintiffs' side motion for class certification and memorandum shall be filed by <u>July 31, 2025</u>, and shall not exceed 40 pages; the response by Defendants' side is due 14 days thereafter and will not exceed 40 pages; and any reply by Plaintiffs' side will be due 7 days after Defendants' response and will not exceed 20 pages. If a deposition is scheduled for purposes of the class certification issue, said deposition must be conducted on all merits issues as well. No deposition may be taken for purposes of merits discovery alone.

6. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected with this litigation. Further, the disclosures are not waived in any other federal or state proceeding.

7. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have

been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

## V.  ESI

The parties CERTIFY that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information ("ESI"). The parties anticipate a need for an ESI addendum. Parties have submitted to the Court a jointly prepared proposed ESI addendum.

## VI. CLASS CERTIFICTION HEARING

The class certification hearing, if any, will be set by separate notice.

**IT IS SO ORDERED THIS 8TH DAY OF JULY, 2024.**

s/LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
